UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAINE SPENCER,

    Plaintiff,

vs

WES JORDAN, et al.,

    Defendants.

Case No. 1:22-cv-557

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the court on Defendants' Annette Chambers-Smith and Ronald Erdos motion to dismiss Plaintiff's claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 10) and the parties' responsive memoranda. (Docs. 13, 14).

**I.    Background and Facts**

Plaintiff Jermaine Spencer is an inmate currently incarcerated at Toledo Correctional Institution. At all times relevant to the complaint, Plaintiff was an inmate at Southern Ohio Correctional Facility ("SOCF") in Scioto County, Ohio. On September 26, 2022, Plaintiff filed the present complaint (Doc. 1), naming as Defendants Wes Jordan, FNU Adkins, John Doe 1, John/Jane Doe 2-5, Warden Ronald Erdos, and Director Annette Chambers-Smith. To date, only Defendants Erdos and Chambers-Smith have been served. The incident at central issue in Plaintiff's complaint is an alleged use of force by Defendants Jordan and Adkins, yet to be served, against Plaintiff on October 2, 2020. The only cause of action asserted against Defendants Erdos and Chambers-Smith is a 42 U.S.C. §1983 Failure to Train and Supervise Staff claim. (Doc. 1, p. 9). Plaintiff

asserts that Defendant Erdos and Chambers-Smiths' alleged failure to train or supervise staff amounts to deliberate indifference in violation of Plaintiff's constitutional rights.

**II. Analysis**

*A.     Standard of Review*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

Furthermore, rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

*B Defendants' motion to dismiss*

Defendants contend that Count Four of Plaintiff's complaint is properly dismissed because he fails to allege sufficient personal involvement by Defendants Erdos and Chambers-Smith to establish liability under 42 U.S.C. §1983. Defendants also asserts that Plaintiff's claims against them are barred by the Eleventh Amendment. Additionally, Defendants contend that they are entitled to qualified immunity. Defendants contentions are well-taken.

1. *Eleventh Amendment*

Defendants contend that Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment, as are any claims the Plaintiff may attempt to assert against the State of Ohio and the Ohio Department of Rehabilitation and Correction.

Notably, absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. P.*R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which a defendant is an agent. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this

bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

Here, Defendants Erdos and Chambers-Smith are named as officials or employees of ODRC or SOCF, and are state officials or employees. (Doc. 1). Thus, the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment.

*2. Plaintiff fails to state a Section 1983 claim against Defendants*

Count Four of Plaintiff's complaint alleges that Defendants Erdos and Chambers-Smith were responsible and duty-bound to sufficiently train and supervise the employees of the SOCF and ODRC to avoid the use of excessive force. (Doc. 1 at 55). The complaint further alleges that Defendants Erdos and Chambers-Smith have knowingly failed, either sufficiently or at all, to hire, train, or supervise staff in connection with the use of force, to properly investigate allegations of excessive force, to establish and implement policy and procedures calculated to prevent the use of excessive force, or to otherwise ensure the safety and security of prisoners in their custody and control against the use of excessive force. (Id. at 56).

Defendants argue that Plaintiff's claim against them for failure to train or supervise fails to state a claim for relief under 1983 because Plaintiff's fails to allege sufficient personal involvement by Defendants Erdos and Chambers-Smith.

To state a cognizable claim against an individual under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

Here, Defendants contend that Plaintiff's Complaint does not contain any factual allegations establishing Defendants Erdos or Chambers-Smiths' direct involvement in the alleged misconduct. (See Doc. 1, pp.9-10).

Plaintiff, however, argues that paragraphs 40 through 43 of the complaint show that Defendants' Chambers-Smith and Erdos were or should have been on notice of Plaintiff's prior lawsuit against SOCF based on excessive force by correctional staff. Notably, Plaintiff's complaint states, in pertinent part:

**Plaintiff's Prior Lawsuit against SOCF – Spencer v. Morgan**

40. At all times relevant hereto, Defendants were aware and on notice, or should have been aware, of Plaintiff's history of unfettered abuse at the hands of SOCF staff.

41. In 2014, Plaintiff filed a complaint pursuant to 42 U.S.C §1983 wherein he alleged excessive force against several SOCF employees. *See Spencer v. Morgan*, Southern District of Ohio, case no. 1:14-cv-696.

42. The facts of Plaintiff's prior lawsuit are eerily similar to the facts of the 2020 incident, such that these are not isolated incidents but a pattern of behavior that runs rampant in SOCF correctional staff.

43. After conducting discovery and depositions, the litigation in *Spencer v. Morgan* resulted in a settlement.

(Doc. 1, ¶¶40-43).

In light of the foregoing, Plaintiff claims that based on the facts set forth regarding the previous incident with Plaintiff and SOCF correctional staff, there is "a reasonable expectation that discovery will reveal evidence" regarding Plaintiff's claims against Defendants Chambers-Smith and Erdos as stated in *Twombly.* Plaintiff's contentions are not well taken.

As noted by Defendants, Defendant Chambers-Smith and Erdos were not parties to the previous lawsuit. Namely, the suit originated prior to Defendant Chambers-Smith's tenure as Director, and Defendant Erdos's tenure as Warden of SOCF. Further, as outlined in Plaintiff's complaint, that case was settled, but Plaintiff has not attached the settlement agreement. (Doc. 1, p. 8). In this regard, Defendants assert that Plaintiff fails to properly allege that Defendants Erdos and Chambers-Smith were personally aware of the incident in question. As such, Defendants argue that Plaintiff has not stated a claim against him on which relief can be granted in this regard. See, e.g., *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); see also *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). The undersigned agrees.

Additionally, Section 1983 liability cannot be premised solely on a theory of *respondeat superior. Hays v. Jefferson Cty.,* 668 F.2d 869, 872 (6th Cir. 1982). Supervisory officials are not liable in their individual capacities unless they "either encouraged the specific incident of misconduct or in some other way directly participated

in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." (Id. at 874). A supervisor cannot be held liable "simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another" and "a mere failure to act will not suffice to establish supervisory liability." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2018); see also *Essex v. Cty. of Livingston*, 518 F. App'x 351, 357 (6th Cir. 2013) ("There must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury."). Supervisory liability requires some "active unconstitutional behavior" on the part of the supervisor. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); see also *Hays*, 668 F.2d at 873-74 ("mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer liability) (internal quotation marks omitted).

Further, the Sixth Circuit has found that – without such personal involvement – an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees ... 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cty.*, 534 F.3d 531, 543 (6th Cir. 2008)); see also *Heyerman*, 680 F.3d at 646-48 (finding that absent evidence of personal involvement in the alleged underlying misconduct, the defendant county official could not be individually liable based on her failure to train or supervise). Thus, absent personal involvement, a failure-to-train claim against an individual official is properly deemed to be brought against them in their official capacity, and treated as a claim against the municipality. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).

Here, Plaintiff alleges that Defendants Chambers-Smith and Erdos had a duty to train its correctional staff to avoid the use of excessive force. (Doc. 1, ¶55) Based on the physical and psychological injuries Plaintiff suffered, Plaintiff alleges that Defendants Chambers-Smith and Erdos have knowingly failed to hire, train and supervise their correctional staff in connection with the use of force, to properly investigate allegations of excessive force, to establish and implement policies and procedures calculated to prevent the use of excessive force, or to otherwise ensure the safety and security of prisoners in their custody and control against the use of excessive force. Id. at ¶ 56-60. As such, Plaintiff contends that he has properly stated a claim for supervisory liability. *See Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir.2016) ("where an official's execution of his or her job function causes injury to the plaintiff, the official may be liable under the supervisory-liability theory.")

Plaintiff further contends that this case is factually similar to that of *Coley v. Lucas City*, 799 F.3d 530 (6th Cir. 2015). In *Coley*, a pretrial detainee died while in police custody and his family filed suit against two officers and their supervisor. Id. at 534-535. While in police custody, one of the officers put the decedent into a chokehold that caused him to lose consciousness leading to his death, which was later ruled a homicide. Id. The decedent's family sought to hold the sheriff personally liable for the conduct of his officers. Id. at 541. The decedent's family alleged that the sheriff had a duty to train and supervise the officers to avoid the use of excessive force, that the sheriff failed to train and supervise the officers properly, and the sheriff failed to investigate allegations of excessive force properly. Id. at 541-542. The Sixth Circuit Court of Appeals held that the family's allegations were "sufficient to show" that the sheriff "at least implicitly authorized,

approved, or knowingly acquiesced in the unconstitutional conduct of" his subordinates. Id. at 542.

In light of the foregoing, Plaintiff argues that Defendant Erdos and Chambers-Smith's alleged failure to train is in deliberate indifference to the constitutional rights and protections of prisoners like Plaintiff. Plaintiff's arguments are unavailing.

Here, the allegations in this case fall far short of those deemed sufficient to state a claim for supervisory liability in *Coley* and *Peatross.* Notably, in *Coley*, the court relied on the following allegations: (1) the sheriff had generally failed to train and supervise his employees regarding the use of chokeholds and injuries that might result; (2) the sheriff had failed to properly investigate excessive force allegations; (3) the sheriff had "full knowledge" of the specific assault at issue; and (4) the sheriff "intentionally and deliberately made false statements to federal officials about [his] knowledge of" that assault and the subordinates' subsequent failure to provide medical attention, in an effort to cover up the subordinates' behavior. *Sweat v. Sanders*, No. 5:18-CV-557-REW, 2019 WL 3240018, at *6 (E.D. Ky. July 17, 2019) citing *Coley*, 799 F.3d at 542.

Similarly, in *Peatross* the court relied on a showing that: (1) the director generally failed to supervise and train the officers to avoid the use of excessive force or use such force properly; (2) the director failed to investigate the incident properly; (3) the director "attempted to cover-up the unconstitutional conduct of his subordinates by exonerating the officers in an effort to escape liability"; and—perhaps most critically—(4) after a public admonishment from the mayor, as a result of the staggering number of police shootings in recent years, the director "acknowledged a dire need to review and improve the police department's operations" and the officer disciplinary process, yet had taken absolutely no

action since that time. *Peatross*, 818 F.3d at 243. Given these considerations, the court found that the director "'at a minimum, knowingly acquiesced' in the unconstitutional conduct of his subordinates through the execution of his job functions." *Id*. at 244 (quoting *Coley*, 799 F.3d at 542).

Here, as noted by Defendants, Plaintiff's complaint fails to point to any specific conduct or actions by Defendants Chambers-Smith and Erdos, nor does Plaintiff allege that Defendants were even aware of the specific incident in question. Plaintiff's unsupported conclusory allegations that the actions of Defendants Erdos and Chambers-Smith violated his constitutional rights solely based on their supervisory roles, fails to state a claim for relief.

### 3. Qualified Immunity

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established law of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Government officials are 'entitled to qualified immunity [if] their decision was reasonable, even if mistaken." *Hunter v. Bryant,* 502 U.S. 224, 229 (1991). Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law*." Malley v. Briggs*, 475 U.S. 335, 341, (1986). Qualified immunity is judged by making two inquiries (in either order). First, viewing the facts in a light most favorable to the Plaintiff, whether the Plaintiff have shown that a constitutional violation has occurred. Second, whether the right was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223 (2009). In other words, the Court determines whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient

evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996).

Here, Plaintiff has failed to establish that Defendants Erdos and Chambers-Smith violated Plaintiff's constitutional rights. Accordingly, Defendants Erdos and Chambers-Smith are entitled to qualified immunity.

### III. CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendants Erdos and Chambers-Smith motion to dismiss count Four of Plaintiff's complaint (Doc. 10) be **GRANTED,** and Plaintiff's claims against Defendants Erdos and Chambers-Smith be **DISMISSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERMAINE SPENCER, | Case No. 1:22-cv-557 |
| Plaintiff, | |
| | Cole, J. |
| vs | Bowman, M.J. |
| WES JORDAN, et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).