**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JERMAINE SPENCER,**

        **Plaintiff,**

            **v.**

**WES JORDAN,** *et al.*,

        **Defendants.**

          **Case No. 1:22-cv-557**
          **JUDGE DOUGLAS R. COLE**
          **Magistrate Judge Bowman**

## OPINION AND ORDER

Jermaine Spencer alleges prison guards beat him in an unprovoked attack in late 2020 during his incarceration at the Southern Ohio Correctional Facility (SOCF). (Compl., Doc. 1, #4–5). Proceeding under 42 U.S.C. § 1983, Spencer sued those guards, in both their individual and official capacities. More relevant here, Spencer also sued SOCF Warden Ronald Erdos and Ohio Department Rehabilitation and Corrections Director Annette Chambers-Smith, also in both their individual and official capacities. (*Id.* at #1–2). As to those two defendants, Spencer alleges they violated his constitutional rights through their deliberate indifference towards his safety. (*Id.* at #9–10). Namely, Spencer says both Erdos and Chambers-Smith failed to adequately train and supervise the SOCF prison guards. (*Id.*). He also alleges the two knew or should have known that Spencer brought another lawsuit in 2014, *Spencer v. Morgan*, *et al.,* Case No. 1:14-cv-696, in which Spencer pled "eerily similar" facts to the 2020 events. (*Id.* at #7–8). Spencer believes the 2014 incident reveals a

"history of unfettered abuse" against him by SOCF guards—a pattern he says Erdos and Chambers-Smith knew of, yet to which they turned a blind eye. (*Id.* at #7–8).

Erdos and Chambers-Smith moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). They said Spencer had not plausibly alleged claims against them in either their official or their individual capacities. As to the former, they asserted Eleventh Amendment immunity. (*Id.* at #50–51). As to the latter, they argued Spencer had not alleged they participated in or encouraged the attack, and in any event, they enjoyed qualified immunity from damages. (*Id.* at #51–55).

In response, the Magistrate Judge issued a Report and Recommendation, (R&R, Doc. 18), agreeing with Erdos and Chambers-Smith and advising the Court to dismiss Spencer's claims against them. (*Id.* at #89–97). Spencer has since lodged two objections. (Obj. Doc. 22). First, he argued that he had plausibly alleged deliberate indifference claims against Erdos and Chambers-Smith in their individual capacities, focusing on their knowledge of his 2014 lawsuit. (*Id.* at #110–12). Second, he said qualified immunity did not bar those individual-capacity claims. (*Id.* at #114). But Spencer did not object to the R&R's determination that he could not pursue his official-capacity claims.

Under Fed. R. Civ. P. 72(b)(3), courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence;

or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

Spencer objected to the Magistrate Judge's recommendation to dismiss his individual-capacity claims, asserting that he has pleaded enough facts to make those claims at least plausible. Thus, the Court reviews that recommendation de novo.

Faced with a motion to dismiss under Rule 12(b)(6), the Court's sole focus is the Complaint, and the sole question goes to plausibility. The Court requires factual allegations which, taken as a whole, create a plausible inference that the plaintiff has stated a viable claim. In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). However, the Court cannot accept "naked assertions," or legal conclusions. Rather, the plaintiff must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In support of his individual-capacity claims against Erdos and Chambers-Smith, Spencer alleges they both personally violated his rights through their failure to train or supervise the prison guards at SOCF. That theory at least could work—a supervisor can, at times, bear individual liability under a failure to train or supervise theory. *Zakora v. Chrisman*, 44 F.4th 452, 475 (6th Cir. 2022).

But there are limits. A plaintiff cannot base such a claim on respondeat superior, the supervisor's general control over their subordinances, or even mere inadequate supervision. *Id.*; *Winkler v. Madison County*, 893 F.3d 877, 898 (6th Cir. 2018). Rather, "a supervisory official's failure to supervise, control or train the offending individual is [only] actionable [if] the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). That is, the claim requires "active unconstitutional behavior." *Id.* at 241. To survive a motion to dismiss, then, a plaintiff must at minimum "plausibly allege that a supervisory defendant 'authorized, approved, or knowingly acquiesced in the unconstitutional conduct … of his subordinates through the execution of his job functions.'" *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Peatross*, 818 F.3d at 242).

Under this framework, Spencer's claims against Erdos and Chambers-Smith fall short. He never claims they encouraged or directly participated in the 2020 attack. For example, Spencer does not allege that they possessed advanced knowledge of the attack, instructed the officers to accost him, witnessed the attack, or sought to cover the incident up. Without those or similar allegations to show some approval or acquiescence, his individual-capacity claims are facially deficient. And the few allegations Spencer does provide do not change that outcome. Recall that he claims Erdos and Chambers-Smith (1) knew of a "history of unfettered abuse" against him

because they (2) knew of his 2014 lawsuit that alleged similar facts,[1] yet the two (3) failed to prevent a similar incident from recurring. (Doc. 1, #7–8). But Spencer's vague "history of unfettered abuse" allegation—bolstered only by the 2014 incident—lacks the detail necessary to hold Erdos and Chambers-Smith personally liable. *See Phillips v. Roane County*, 534 F.3d 531, 543–44 (6th Cir. 2008). And even assuming they knew about the 2014 events and lawsuit, that does little to show they consciously endorsed or had a hand in an unrelated attack some six years later.[2] *See Howard v. Knox County*, 695 F. App'x 107, 113–14 (6th Cir. 2017) (noting that knowledge of past isolated incidents is normally insufficient to allege an individual-capacity supervisor claim).

Spencer responds that his case mirrors *Coley v. Lucas County*, 799 F.3d 530 (6th Cir. 2015), and *Peatross v. City of Memphis*, 818 F.3d 233 (6th Cir. 2016), where the Sixth Circuit permitted claims against non-present supervisors to survive a motion to dismiss. (Doc. 22, #112). Both are distinguishable.

In *Coley*, a police officer held a pretrial detainee in a chokehold too long, causing the detainee's death. 799 F.3d at 534–35. The detainee's estate sued the non-present sheriff in his individual capacity for failing to train and supervise his subordinates. *Id.* at 541–42. The complaint alleged the sheriff (1) failed to train

---

[1] Technically, Spencer alternatively alleges Erdos and Chambers-Smith "should have been aware" about the "unfettered abuse" and 2014 events. (Doc. 1, #7). For purposes of this Opinion, that distinction matters not.

[2] Indeed, his allegations appear more like official-capacity claims meant to challenge SOCF and ODRC's general training and oversight practices. *See Phillips*, 534 F.3d at 543–44. Yet Spencer did not object to the R&R's conclusion that Eleventh Amendment immunity bars his official-capacity claims. Thus, he forfeited any official-capacity claims or related theories against Erdos and Chambers-Smith.

officers in the use of a chokehold, (2) failed to properly investigate the events following the death, and (3) lied to federal officials in an attempted cover-up. *Id.* at 542. Similarly, in *Peatross*, the plaintiff alleged that the non-present supervisor defendant had "attempted to cover-up the unconstitutional conduct of his subordinates by exonerating the officers in an effort to escape liability." 818 F.3d at 243.

As the description shows, in both cases, the plaintiffs claimed the defendants sought to cover up their subordinates' misconduct—raising an inference they ratified it. *See Coley*, 799 F.3d at 542; *Peatross*, 818 F.3d at 243. In essence, the allegations suggested the supervisors had become accomplices after the fact. And such allegations, the Sixth Circuit says, allow a court to plausibly infer the supervisor "implicitly authorized, approved or knowingly acquiesced " in the events. *See Coley*, 799 F.3d at 542; *Peatross*, 818 F.3d at 243. But here, Spencer has not alleged Erdos or Chambers-Smith took any action or played any role in the 2020 attack—either before *or* after it occurred. So *Coley* and *Peatross* offer no support for Spencer's claims against those defendants here.

Because Spencer has not plausibly alleged Erdos or Chambers-Smith violated his rights, the Court need not address the R&R's alternate holding concerning qualified immunity. Accordingly, the Court **ADOPTS** the R&R (Doc. 18), **GRANTS** the Motion to Dismiss (Doc. 10), **DISMISSES** all claims against Erdos and Chambers-Smith **WITHOUT PREJUDICE**, and **ORDERS** the Clerk to **TERMINATE** Erdos and Chambers-Smith from this lawsuit. Spencer's remaining claims against the other Defendants shall proceed unaffected.

6

**SO ORDERED.**

August 8, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**