# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERMAINE SPENCER,

      **Plaintiff,**

                         **Case No. 1:22-cv-557**

      **v.**

                         **JUDGE DOUGLAS R. COLE**

WES JORDAN, et al.,

      **Defendants.**

## OPINION AND ORDER

Plaintiff Jermaine Spencer, invoking both Federal Rules of Civil Procedure 59(e) and 60(b), asks the Court to reconsider its previous summary judgment decision, (Op. & Order, Doc. 54). (*See* Mot. for Reconsideration, Doc. 66). Separately, he requests the Court enter a Temporary Restraining Order and Preliminary Injunction to prevent his transfer back to the facility where the harm he alleged in his Complaint occurred. (Doc. 68, #360). For the reasons below, the Court **DENIES** Spencer's Motion for Reconsideration (Doc. 66), and, because this matter remains closed, **DENIES** his motion for emergency relief, (Doc. 68).

## BACKGROUND

Plaintiff Jermaine Spencer alleged that in October 2020, while he was incarcerated at the Southern Ohio Correctional Facility (SOCF), Correctional Officers Jordan and Adkins (along with another unnamed officer) physically assaulted him without provocation. (Compl., Doc. 1, #4–5). Based on that, he sued several of those officers, the Warden, and the Director of Ohio Department of Rehabilitation and

Corrections. (*See generally id.*). After dismissing several claims and Defendants on the pleadings, (*see* Docs. 26, 37), the Court ultimately dismissed the case in its entirety at the summary judgment stage, (*see* Doc. 54). It did so because Spencer failed to exhaust his administrative remedies, or at least he failed to create a genuine dispute as to whether he had, which is a necessary precondition to suit under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. (*Id.*).

As the Court explained in its previous decision, the PLRA requires an inmate to exhaust all state administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 638–39 (2016). The state administrative remedies themselves arise under Ohio Administrative Code §§ 5120-9-31(J)(1)–(3). Those regulations require an inmate with a grievance to complete three steps. First, within fourteen days of the event giving rise to the complaint, the inmate must file an informal complaint with the direct supervisor of the staff member about whom the inmate is complaining. *Id.* § 5120-9-31(J)(1). Second, if the inmate is "dissatisfied" with the response he receives to that informal complaint, he then must file a formal grievance with the inspector of institutional services. *Id.* § 5120-9-31(J)(2). Finally, at step three, if the inmate does not like the inspector's disposition of the grievance (or if the inspector does not provide a disposition within twenty-eight days), he has fourteen days in which to file an appeal with the office of the chief inspector (although the chief inspector can waive that time requirement for "good cause"). *Id.* § 5120-9-31(J)(2), (3).

At summary judgment, both parties agreed that Spencer completed the first two steps, but not the third. (Doc. 54, #282). While he made a few arguments blaming his failure to complete that step on SOCF, the Court found them unconvincing. (*Id.* at #282–88). So the Court granted summary judgment to Defendants. (*Id.* at #289).

Now, in his Motion for Reconsideration, Spencer advances a *different* story about step three. He claims that he did in fact file an appeal with the Chief Inspector's Office, thereby completing the final step of the grievance procedures. (Doc. 66, #341–42). And he attaches two documents, for the first time, that he says are evidence proving that. (*Id.* at #351–52). He also makes a second, new, argument: that because SOCF responded that his claim was "non-grievable" (as demonstrated by his newly provided evidence), his Complaint cannot be dismissed for lack of exhaustion. (*Id.* at #344). Based on all that, Spencer argues that "reconsideration is warranted because the Court's decision rest[s] on (1) a misapprehension of material facts, (2) clear error of law, and (3) the need to prevent manifest injustice." (*Id.* at #339). The Court addresses each of the two claims in turn below, but finds both wanting.

Then there is also one final wrinkle. While his Motion for Reconsideration remained pending, Spencer filed another motion, requesting the Court enter a Temporary Restraining Order and Preliminary Injunction to "prevent his transfer from the Ohio State Penitentiary (OSP) in Youngstown, Ohio back to the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio," because that is where the alleged actions giving rise to his Complaint occurred. (Doc. 68, #360). Both motions are now ripe.

## LEGAL STANDARD

A litigant may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). But "[t]he time for doing so is short—28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (citing Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline)).

Rule 60(b) motions for relief from a judgment or order, on the other hand, can arise, "depending on the reason given for relief, within either a year or a more open-ended 'reasonable time.'" *Banister*, 590 U.S. at 519 (citing Fed. R. Civ. P. 60(c)(1)). Courts generally interpret Rule 60(b) narrowly. The Rule allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for [six enumerated] reasons." Fed. R. Civ. P. 60(b). But "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (collecting cases). "And the public policy favoring finality of judgments limits the availability of relief under the rule." *Id.* at 372 (cleaned up). Moreover, "[a] party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). "In short, it is well-established in the Sixth Circuit that a … Rule 60(b) motion … does not allow the unhappy litigant to reargue the case." *Prows v. City of Oxford*, No. 1:22-cv-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) (cleaned up).

4

## LAW AND ANALYSIS

At the outset, the Court notes that Spencer cannot advance a Rule 59(e) motion as the time to do so has long since passed. So, the Court focuses only on his request for relief under Rule 60(b). Spencer's arguments seem to implicate two of the possible grounds for relief that Rule sets out—mistake and newly discovered evidence. The Court addresses both, but Spencer prevails under neither.

In his motion, Spencer argues that this Court "misapprehended several material facts" and committed a "clear error of law." (Doc. 66, #339–40). Those arguments sound in Rule 60(b)(1), which permits relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *see also Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (holding that Rule 60(b)(1) encompasses judicial mistakes of law).

Spencer seems to argue that this Court made both a factual and a legal mistake. (Doc. 66, #339–46). Factually, he contends that the Court erred in stating that he did not proceed to step three of the grievance process because his newly attached exhibits purportedly show that he *did* attempt an appeal to the Chief Inspector as that step requires. (*Id.* at #341–46, #351–52). Legally, the Court supposedly erred by not considering his argument that once prison officials marked the matter non-grievable and refused to process it, administrative remedies ceased to be available under the PLRA, so the Court should not have required further exhaustion at all. (*Id.* at #345).

Neither "mistake" warrants relief for Spencer. Regarding the alleged factual "misapprehension," in the summary-judgment briefing, Spencer's position was that

5

he did *not* complete step three because he never received the step-two disposition. (Pl.'s Resp., Doc. 49, #255–58). His own affidavit said that very thing: "[h]ad I received the disposition … I would have exercised my right to appeal to the Chief Inspector." (Doc. 50-2, #264). The Court's prior opinion therefore did not make a "mistake" in stating that Spencer did not proceed to step three—it simply relied on Spencer's own affidavit to that effect, coupled with Assistant Chief Inspector Morrow's affidavit that the Chief Inspector's Office likewise had no record of any appeal. (Doc. 54, #282–83).

The claimed legal "mistake" suffers from the same problem; Spencer did not raise any argument relating to prison officials allegedly marking his complaint "non-grievable," nor did he provide any evidence in support of such an argument at the summary judgment stage. (Doc. 54, #282). So the Court did not commit legal error by addressing only the arguments Spencer actually raised.

True, Spencer's newly attached exhibits may support a different theory than the one he previously advanced, but they do not retroactively convert the Court's earlier ruling into a judicial mistake as Rule 60(b)(1) uses that term. At most, they present new (and inconsistent) evidence. But Rule 60(b)(1) does not provide relief where the Court accurately ruled on the record and arguments actually before it.

Rather, to the extent Spencer's new exhibits—a handwritten page asking to escalate his grievance, and a purported Appeal to the Chief Inspector—matter at all, it would be under Rule 60(b)(2), not Rule 60(b)(1). That is because Rule 60(b)(2) provides for relief based on "newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." So that is where the Court turns next.

To succeed on a claim under Rule 60(b)(2), Spencer must "show by clear and convincing evidence (1) that [he] exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.*, would have clearly resulted in a different outcome." *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018) (citing *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014)). He does not demonstrate either.

First, Spencer offers no explanation of how or when he came to possess these documents or, more importantly, why, with reasonable diligence, he could not have presented them at the summary-judgment stage. That failure is dispositive. All Spencer argues on that front is that he attempted to obtain the evidence in discovery, but it was "withheld." (Doc. 66, #342). But that explanation does not make sense. For one, defense counsel avers that these documents were not in the Defendants' possession, so they could not have withheld them. (Resp., Doc. 67, #356). More importantly, Spencer appears to be the author of both documents. (*See* Doc. 66, #351–52). So if they are genuine, they were in his possession, or at least he certainly knew about them, when summary judgment was decided. Given that fact, the Court fails to see how they can constitute "newly discovered evidence" under Rule 60(b)(2).

Moreover, even crediting both new exhibits, they would not have changed the outcome at summary judgment. For one, the exhibits, and Spencer's arguments based on them, directly contradict his prior sworn testimony. At the summary judgment

stage, Spencer swore that he had not appealed to the Chief Inspector's Office, stating: "[h]ad I received the disposition … I would have exercised my right to appeal to the Chief Inspector." (Doc. 50-2, #264). But he now attaches a form he claims is that very appeal, dated November 4, 2020, without any explanation of the obvious contradiction. (Doc. 66, #352). Even aside from the concerns with Spencer's possible lack of candor to the Court, he cannot retroactively create a dispute of material fact by contradicting his own sworn testimony. *See Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907–08 (6th Cir. 2006) (citation omitted) ("A directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction.").

Separately, even if the Court disregards Spencer's previous affidavit and arguments, the "new" evidence still fails to show that he properly exhausted his administrative remedies. The "Appeal to the Chief Inspector" form on which he relies to satisfy his step-three obligation states it was completed on November 4, 2020. (Doc. 66, #352). That is only one day after the Institutional Inspector's *receipt* of Spencer's step-two appeal. (Doc. 42-1, #220). But Defendants supplied evidence showing that his step-two appeal was not adjudicated until *November 11, 2020. (Id.).* Spencer cannot have appealed a decision before it was issued. Of course, he claims he never actually received that November 11 decision, but if that is true, then he could have only appealed *after* waiting 28 days from the time he filed his step-two appeal with the inspector. Ohio Admin. Code § 5120-9-31(J)(2) ("If a disposition has not been rendered after a total of twenty-eight days from the receipt of the grievance, the

8

complaint will be deemed unresolved and the inmate may proceed to step three of the process."). Because his new evidence suggests he waited only a single day after filing his step-two appeal, Spencer failed to comply with the applicable grievance procedures.

Spencer also appears to make a different argument based on the handwritten page. He says that the document, which is stamped November 8, 2020, and states "not grievable per AR5120-9-31," (Doc. 66, #351), demonstrates that the Institutional Inspector at step-two designated his complaint as non-grievable, (*id.* at #344). Based on that, he argues that exhaustion does not apply. *See Owens v. Keeling*, 461 F.3d 763, 769–70 (6th Cir. 2006) (holding that a non-grievable complaint need not be exhausted through the grievance process because that remedy was unavailable under Tennessee law). From what the Court can tell, though, it appears the handwritten note reflects Spencer's attempt to escalate a *separate* ticket tied to his conduct report, a rules infraction decision not subject to the grievance process. *See* Ohio Admin. Code § 5120-9-31(B). Indeed, the page states that it is directed at "Conduct Report SOCF-20-003060," so it is *that* incident that is "not grievable per AR5120-9-31." But that is *not* the grievance at issue in this case. (Doc. 66, #351). As for the grievance actually at issue here, Defendants have already provided the Court with the actual step-two decision, which nowhere states anything about non-grievability. (Doc. 42-1, #220). In sum, Spencer falls well short of providing clear and convincing evidence of his grounds for relief under Rule 60(b).

9

And because this matter remains closed, the Court denies Spencer's request for a TRO and Preliminary Injunction.

## CONCLUSION

For the reasons above, the Court **DENIES** Spencer's Motion for Reconsideration (Doc. 66), and, because this matter remains closed, **DENIES** his motion for emergency relief, (Doc. 68).

**SO ORDERED.**

May 22, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

10